Thank you, Your Honor. May it please the Court, my name is Jay Offsiavich and I represent the appellant William Cooke in this matter. This morning I'm going to argue that the District Court abused its discretion when it imposed a special condition of supervised release directing my client to participate in a mentoring program. Interestingly, the government... It's not abuse of discretion, is it, given that this, I mean, if it's not entirely waived, isn't it plain error review? We can... This is the condition that was requested, correct? It's interesting in terms of what was really requested. We were actually not asking for a special condition to be imposed. What was being asked was, as an alternative... To not impose a mental health condition. Well, we were asking that a mental health condition not be imposed. And alternatively, we were asking that the client, on his own, be allowed to pursue some type of a mentoring program. And if we look at what was said at sentencing, the proposal put forward by Sentencing Counsel, I think my proposal, for your honor, would be that we allow Mr. Cooke to identify and maybe get engaged with one of those programs that I've been able to communicate in the community that would be more well-rounded and assist him in a more comprehensive way. The idea was not for a special condition to be imposed, but to allow him on his own to pursue this. And in that way, after having worked with the client in getting ready for this proceeding, counsel thought that this might be a better way than actually having a full-blown condition imposed upon him. But even if the request had been as explicit as you're making it now, like if counsel had said, this is not for purposes of a release condition, but I just think, in general, this is something that would be good for Mr. Cooke, and so we're going to independently look into mentoring for him because we think that's going to be helpful. And that's what it was clear there wasn't a request for the condition. The fact that that was put out as something that would be appropriate certainly suggests that there's support for the condition, doesn't it? Even if it takes out of, perhaps, a waiver question, isn't it still a problem that would, how do you argue that this is not supported by the record? Well, even if the request for some type of a mentored program fits, the way it was imposed becomes the bigger problem here. And this is where we... There was no objection after the court says, as a special condition, you also participate in a mentoring program, as your attorney suggested. Counsel did not object at that point. Counsel did not object at that point, and though counsel did raise questions afterwards, in the record on the docket, docket item 89, there's some e-mails that were exchanged between the probation officer and counsel as to ensuring that were both conditions imposed and what counsel is actually seeking. I think it was raised with the court, though, right? No, it wasn't raised with the court. The probation officer communicated with the court, as is clear, in that e-mail exchange. And my apologies for not including that within the joint appendix, but it is available on the docket, too. It's docket item 89 in the district court. The government agrees to vacate anyway, so the only issue is whether it should be vacated completely without a remand or whether it should be... Yes, Your Honor. That's my introduction. That was the direction I was going. What's wrong with letting the district court take a little look at it? You can argue to the district judge it's not necessary at all. There's no way to implement it. I think in the same way, we're relying on Carlinio for this in terms of... But as a practical matter, what's the harm in just sending it back and letting the district judge in the first instance decide whether it's necessary at all or if the district judge wants it, whether it can somehow be implemented in a way that is sufficiently definite so that everyone knows what is required? I think in the basis that this is vague. Carlinio, they were concerned that... But you could make it not vague, right? That could be possible. But I think if we look at Carlinio, which the panel determined was vague, there's a significant difference. Carlinio, the issue involved a restorative justice program that was identified that offered to get involved in helping that client. But the panel determined even that was not enough because while there were a number of possibilities of what this program could do, the court never identified which of these programs would be involved. There was no way of determining how the client would be judged within this program, what was his participation, how would he be rated in there, and what could lead to him being violated. Here we have nothing whatsoever coming up. It was just this idea which was not fully presented to the court that the client participate in a mentoring program that he goes out and seeks on his own. So I think in terms of the vagueness, we have that problem. Did the district court... I think the district court judge, once this was raised, tell me if this was right, moved from the imposition of a mental health treatment condition to mental health evaluation and then maybe treatment? Well, what wound up happening is, as this was being discussed, the probation officer then explained the process that it works, or how it works with a mental health condition, a mental health condition of release, that they first start off with an evaluation and then if it's determined that treatment is needed, the court ordered that the client participate in treatment. But the court might have just ordered mental health treatment, correct? From my understanding is whenever they impose this condition, it usually begins with an evaluation because they need to determine what type of treatment is necessary for the client. But could require treatment. Yes. And the court made the determination that if the evaluation determined that treatment was needed, then the client was to participate in it. What we have here with how the written condition came out in the final judgment was that the court determined that he should participate in a mentorship program if deemed necessary by the court or the probation officer. So no evaluation is being set up. There's no program to evaluate him for this. And the probation officer is given that option of making this determination, not the court. That's the written? That's the written judgment, yes. The oral imposition was you also participate in a mentoring program, as your attorney suggested. Correct. So that doesn't have the delegation issue that you're raising. No. But there was no clear program that the counsel. Right. Right. So we don't know what mentorship program. What counsel was proposing was that the client be allowed to go off on his own and find a program that might suit him. No idea of how to evaluate him in the program. No idea of what could lead to him violating. No idea of how these programs, how this program would work because nothing was ever identified or discussed in court. We appreciate that the court has shown a willingness in this case and in the past with Carlinio to consider some of these alternative type of programs. But before they could actually be imposed as conditions of supervised release, they need to be vetted by probation, they need to be laid out, and they should be fully discussed and considered at sentencing. Now, when we in the past have proposed something that it should be a special condition, we have done that for the courts and we're capable of doing that. It wasn't counsel's intention here to actually have this imposed as a special condition. The idea was that this would be an alternative. And recognizing that if there's a problem that came up, then the probation officer could always seek to modify the conditions. It's very easy for a probation officer to do that. They do it all the time. A lot of times it's done just by filing a form with the court and even having the client in many cases agree with it. So that becomes no problem. But none of that was followed here. The court decided to just go and impose this, and I think that's why we just at this point should dispose of this condition because there is nothing there in place yet to consider this. If the panel has any further questions, I have reserved some time for rebuttal. Good morning, Your Honors, and may it please the Court. Sean Eldridge for the United States. To Judge Nathan's point before, we are in invited error or at best plain. The reality is that in this case ---- I think your brief treats it as abuse of discretion. Well, we definitely talk about invited error in terms of the imposition of the condition, right, that it is not reasonably related or an appropriate condition. Your Honor, we agree that there are some vagueness in delegation issues, which is why we readily conceded to a limited remand so that the district court could spell out that condition with some more precision.  What would you suggest to the district court, the new condition? Sure. So I think there's a couple options. I mean, I think the easiest option is a version of participate in a mentorship program to be approved by the court, right? I think that eliminates both of those. And that would also be consistent with what Mr. Cook's counsel proposed at the time of sentencing. Your Honor was asking about how this condition came up in the first place. And I think the vagueness concerns are understandable, given that it was on nobody's radar, at least from the court, until the morning of sentencing. This is something that came up on the fly as Mr. Cook was arguing against the mental health condition and proposed this alternative, which the district court accepted. And part of that proposal, too, you can see on A50 there's been some discussion about it. I think I read the transcript differently because what Mr. Cook's counsel says in discussing whether or not this mental health condition is appropriate, she says, I don't see it as being a need for a mental illness or mental health treatment, but more so a lack of support and mentorship. I have identified a couple of programs that are available in our community, skipping down to line 14. I think my proposal for your honor would be that we allow Mr. Cook to identify and maybe get engaged with one of those programs. And then there's further discussion about if it's not successful, if he can't find one, we can come back to the court. And I think that's exactly what should happen. Mr. Cook can work with probation. They can propose a program to the court, and the court can say yes, or the court could say no. And that would eliminate all of the vagueness issues, that would eliminate the delegation issues, and that would also be consistent with imposing the condition that Mr. Cook asked for and ultimately got. My friend talks about Carlinio and uses that as the basis of his argument to say this court should just vacate. And respectfully, I mean, Carlinio is the same in the sense that we have a vagueness issue, right, and that this was imposed by a judge trying to find a restorative, a rehabilitative condition that could meet the goals of sentencing. But the difference in Carlinio, from my reading of it, is the opinion makes clear a couple things. Number one, the defendant objected to that condition in Carlinio. Number two, the probation office knew nothing about this condition. They weren't involved in it. The condition in Carlinio, the opinion makes clear, was proposed by an outside third party that had contacted the court and made that recommendation. And that, I think, is part of the court's concern to say this kind of came out of left field, this wasn't from the parties, this wasn't from probation, nobody's reviewed it, and the defendant was objecting to it. And in those circumstances, this court did vacate. I think we're in an entirely different situation here where the condition that was proposed has been imposed, it needs a little refinement, we agree with that, and the district court should have the opportunity to do that. Unless there's any further questions, I ask you to grant the limited remand we've discussed, but otherwise affirm. Thanks very much. Thank you. My colleague likes to point out that this came up on the fly, and we do acknowledge that this wasn't proposed to the court beforehand, but this was an idea that was being suggested to the court, but, again, it was not being proposed as a special condition. If the court wanted to, the court could have delayed sentencing. The client was already out on release. He was being supervised by probation at this point. The court could have said, why don't you come up with a plan, and then I would consider it if the court was interested in doing this as a condition of release. Or counsel could have requested that. But counsel was not looking to propose a special condition. Counsel did not want this to be something else that could possibly lead to failure for the client. It was a way for the client to address this in some way on his own, but allowing the probation officer to know about this so that it could be discussed to see how he's doing. So we were looking to support that idea, but not with having a special condition that could possibly lead to another failure, further incarceration, further violations down the road. We do appreciate that the court was trying to consider these alternatives, but I don't think in this case imposing this in this fashion is the best way to do it, and thus we are asking that the condition just be vacated at this point, unless there are any further questions. All right. I think we have your argument. Thank you. Thank you, Your Honor. Thank you to you both. We will reserve decision on this case. And since this is our only case scheduled for argument, I will ask our courtroom deputy to adjourn us. Court stands adjourned.